USAO#2013R00705

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 NOV 14 P 4:45

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
|  | * CRIMINAL NO. RDB-13-0640 |
| v. | * |
|  | * (False Statements to Obtain Federal |
| **CHRISTOPHER MICHAEL O'BRIEN,** | * Employee's Compensation, 18 U.S.C. |
|  | * § 1920; False Statements, 18 U.S.C. |
| **Defendant** | * § 1001; Aiding and Abetting, |
|  | * 18 U.S.C. § 2) |
|  | * |

*******

## INDICTMENT

### COUNT ONE
(False Statements to Obtain Federal Employee's Compensation)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment,

1. Defendant **CHRISTOPHER MICHAEL O'BRIEN ("O'BRIEN")** was a resident of 6410 Tamarack Circle, Eldersburg, Maryland and was employed by the United States Postal Service ("Postal Service") working in Rockville, Maryland.

2. **O'BRIEN** started working for the Postal Service on or about November 7, 1998.

3. In order to claim benefits under the Federal Employees' Compensation Act ("FECA"), an injured employee must submit a Form CA-1, "Federal Employees Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation." This form is used by the employee to provide notice of an injury, and to describe the event causing the injury, and to make an initial claim for compensation. Under FECA, an employee's entitlement to benefits may be reduced if the employee recovers sufficiently to obtain part or full-time employment

4.     On or about March 25, 2008, **O'BRIEN** submitted a Form CA-1, a claim for workers' compensation payments, pursuant to FECA, for injuries he sustained while employed by the Postal Service, specifically an injury to his lower back.

### The Victim Government Agencies

5.     The Office of Workers' Compensation Programs ("OWCP"), U.S. Department of Labor ("Labor Department"), administers benefits program under FECA. Employees of the Postal Service who are disabled due to occupational injury are eligible to receive compensation benefits under this Act. FECA benefits are paid with monies of the Postal Service.

6.     The Labor Department has sole authority to determine if a claimant was entitled to FECA benefits. In this regard, the Labor Department requires claimants to be evaluated by medical professionals regarding the extent and possible treatment of injuries. These medical professionals include treating physicians who may refer claimants to other physicians or physical therapy facilities for further evaluation and treatment. Assessments of the treating physicians as to whether the claimant can return to work in a full or limited capacity are also used by the Postal Service in determining whether the claimant can return to his original position or a position with more limited duties or cannot return to work at all.

7.     From in or about March 25, 2008 through the October 30, 2013, **O'BRIEN** has received over $212,420.12 in FECA benefits based on his claim for FECA benefits.

8.     Defendant **O'BRIEN** falsely maintained in documents and oral statements submitted in connection with his claim for FECA benefits that he has been unable to perform household chores, including but not limited to lawn maintenance, or resume work due to severe pain, which he has characterized as being "9 out of 10" or "10 out of 10", and has suffered

physical limitations resulting from his claimed work-related injury.

9. Defendant **O'BRIEN** advised physicians treating **O'BRIEN** that **O'BRIEN** wore a back brace, used a cane, consistently walked with an "antalgic gait" (limped), and complained of persistent pain during medical examinations.

10. Defendant **O'BRIEN** failed to disclose that he (**O'BRIEN**) could, in fact, perform household chores, walk, jog, bend, twist, and lift items in excess of 100 pounds and did not need to use a back brace.

11. During an interview with the Postal Service on or about July 30, 2013, Defendant **O'BRIEN** was seen walking with a limp even though he was observed later not walking with a limp.

12. On various dates between May 2012 and October 2013, Defendant **O'BRIEN** was observed doing the following activities:

    a. walking briskly,

    b. jogging,

    c. bending, twisting, kneeling, squatting, reaching above and below,

    d. lifting items weighing in excess of 100 pounds,

    e. driving family members to stores, a restaurant and a gym,

    f. walking a dog

    g. pushing/pulling and turning a lawn mower

    h. carrying and operating a weed line trimmer,

    i. carrying and operating a leaf blower, and

    j. regularly using dumbbells, barbells, and other fitness equipment (such as

stationary cycles and treadmills) at a gym.

## The Charge

13.     On or about July 30, 2013, in the District of Maryland, the defendant,

**CHRISTOPHER MICHAEL O'BRIEN,**

knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and knowingly and willfully made a materially false, fictitious and fraudulent statement and representations; to wit, he concealed and covered up his physical condition, and made false and fraudulent statements concerning his physical condition, during an interview with the Postal Service.

18 U.S.C. § 1920
18 U.S.C. § 2

## COUNT TWO
### (False Statement)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 12 of Count One of the Indictment are incorporated by reference here.

2. On or about July 30, 2013, in the District of Maryland, the defendant,

**CHRISTOPHER MICHAEL O'BRIEN,**

in a matter within the jurisdiction of the Postal Service, an agency of the executive branch of the government of the United States government, knowingly and willfully falsified, concealed and covered up by trick, scheme and device a material fact, and made materially false, fictitious and fraudulent statements and representations, that is, he concealed and covered up his physical condition to the Postal Service and represented on a Current Capacity Evaluation ("CCE") form that he could not kneel, squat, climb or bend; could stand and walk for no more than ten minutes and sit for no more than fifteen minutes when, in fact, he could kneel, squat, climb and bend; and could stand and walk for more than ten minutes.

18 U.S.C. § 1001(a)(1)
18 U.S.C. § 2

5

## FORFEITURE ALLEGATION

1. As a result of the offense alleged in Count Two of this Indictment, the defendant,

**CHRISTOPHER MICHAEL O'BRIEN,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1001, including but not limited to $80,647.25 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was proceeds of the aforementioned violations, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

2. If any of the property described in the preceding paragraph as being subject to forfeiture, as a result of any act or omission of any defendant --

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or,
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property, that is, $80,647.25.

28 U.S.C. § 2461(c)
18 U.S.C. § 981(a)(1)(C)

*Rod Rosenstein*
Rod J. Rosenstein
United States Attorney

A TRUE BILL:
**SIGNATURE REDACTED**

Date: November 14, 2013

Foreperson